1521, Todd Barkow v. School District of Athens, and others. Mr. Olson, good morning. Good morning. May it please the Court, I'm Jeff Olson here for the School District of Athens, and I'm here to talk to you about a variety of issues I've heard this morning. And I've got to say, if there's anything unnecessary in either of my briefs, I sincerely apologize. You have a ton of work to do. I think this case is controlled by the McCammon and the Chaley cases. The teaching of those cases is that where the only thing a government employer says about an employee's job security is that he or she will be dismissed if he or she fails to fulfill any one of a set of specified expectations, that statement is an implied promise that if he or she fulfills all of the specified expectations, he or she will not be dismissed. That's the teaching of those cases. The District Court was like the reasoning of the District Court in our case. Mr. Olson, in order to succeed, do you agree that your client would have to have a property interest in his continued employment in order to succeed? And I think you've made clear you are not relying on his contract to give you that property interest, is that correct? That's absolutely clear. You agree that's an at-will contract? Yes. To the extent there's a property interest, you're solely relying on the board's notice? That's correct. Okay. How could the notice supersede what's in the agreed contract with your client? We're not saying that it would supersede the contract, because the contract expires at the end of the 2018-2019 school year. And at that point, the district has a decision to make on whether they will continue Mr. Barco's employment as an at-will employee without a contract. And the contract doesn't say anything about the manner in which that decision will be made or the criteria that will be used in making that decision. But the district, the board, when they issue their notice of expectations, that the building and ground supervisor is not going to have a contract after the 2018-2019 school year. Whether it's Mr. Barco or somebody else, there's not going to be a contract. And there in fact hasn't been a contract after that year. They've employed a building and ground supervisor without a contract. But they did make a statement as to what their expectations were, and they did say, if you don't meet these expectations, you will be dismissed. The teaching of the Chaley case and the McCammon case is that when an employer says that, it's implying that if you do meet our expectations, you won't be dismissed. But in McCammon and in Chaley, those employment relationships were governed by things we don't have here. In McCammon, it was a statute. In Chaley, it was a collective bargaining agreement. Here, as you've noted, we don't have the contract anymore. It's expired. And even if it wasn't, it was an at-will employment contract. And now we've just got this notice. That's a far cry from a statute or a collective bargaining agreement under McCammon and Chaley. That's right. And if it weren't for the language that comes all the way down to us from Merage that a clearly implied promise of continued employment will give you a property interest, we'd be out of luck. But because Roth and all of the cases since then, including Gorman, rely on that language of a clearly implied promise as creating a property interest, we have a good claim of a property interest here. When the school district made its formal statement for due process purposes, that was entitled to as much weight in determining whether there was a property interest as a statute or a contract. The district court suggested that even if that notice, it's in the back of your brief there, caused the plaintiff to believe that he'd keep his job for another year if his attitude improved, his performance kept up, et cetera, even if that belief or that expectation was there, how's that enough to create a property interest? Well, it's not just the subjective belief on Mr. Barkow's part. The question is, if you tell somebody if you do A, B, or C, you're going to be fired. And does that amount to an implied promise that if you don't do A, B, or C, you'll keep your job? The district court here said, no, because it doesn't say that you might not be fired for D, E, or F, or it doesn't say you might not be fired for a whim or no reason. Well, that's what the district court said in Chaley, and that's the reasoning that this court reversed when it said that would do violence to the language. Actually, I need to go back to something else you said earlier. You said that because the employment contract expired, he was just working, I heard you to be saying he was working kind of under nothing until after the expiration, but wasn't the party's practice that after the expiration of the contract, he would still work under the terms of the contract until a new contract was negotiated? Well, he still worked, whether he was working under the terms of his old contract or not, it's hard to say because nobody ever made a statement about that. He kept getting paid until they issued a new contract, but they had already decided they weren't going to issue a new contract after the expiration of the 2018-19 school year, and the new, the building and ground supervisor, whether it was Mr. Barkow or somebody else, was going to be employed without a contract. So, the new, the building and ground supervisor going into the 2019-2020 school year was going to be employed without a contract. He wasn't going to be employed on a holdover of his old contract. He was going to be employed without a contract. That was still at will employment, correct? Yeah. Okay. It was at will employment. In this case, modified by the district's promise in its November 2018 notice of expectations that you'll be fired if you don't meet these expectations, which implies that if you do meet them, you won't be fired. I think I'd like to save the rest of my time for rebuttal. Thank you. Of course. Mr. Renning, good morning. Good morning. So, I'd just like to, Tony Renning, on behalf of the School District of Athens and S.D. Ellenbecker, I'd like to just go back to the facts and set the factual scenario here, because I think you hit on it perfectly. The threshold question is whether or not there's a property interest, and it's all based, in this case, on the performance improvement plan or the notice of expectations here. That performance improvement plan or those notice of expectations said specifically that we will decide whether you continue employment with the school district at the expiration of your current contract, the 2018-2019 contract. It also specifically said that in addition to the expectations outlined in that performance improvement plan or notice of expectations, that he is expected to perform those expectations of the buildings and grounds supervisor. And then finally, the performance improvement plan or notice of expectations stated that failure to properly perform your duties and expectations will result in the discontinuation of your employment. In essence, if you don't do what you're supposed to do as the buildings and grounds employee or supervisor, we will not issue you a new building under the statute or under a contract provision here. We're basing this whole decision on the performance improvement plan or the notice of expectations. There is, by the district's count, no implied promise of continued employment and certainly no mutually explicit interpretation or understanding on the district's part of continued employment. The district and Mr. Barco never came to any sort of understanding or agreement that if he satisfied all of the conditions in that performance improvement plan or notice of expectations, that his employment would continue moving forward. It's Mr. Barco's misunderstanding that he has a unilateral understanding that if he performed as outlined in that performance improvement plan, he would continue his employment. From the district's perspective, this was an enhanced evaluation. We evaluate employees all the time. We have certain expectations of their performance and if they don't meet those expectations, we get to the end of the contract year and we decide as the district whether we're going to invite them back to continue on as an employee or not. In this case, we enhanced it through the performance improvement plan or the notice of expectations. Nothing the district did binds the district's discretion to make that decision at the end of the 2018-2019 school year. Simply was the notice of expectations, some concerns that have been raised. The district made Mr. Barco aware of those concerns and expected that he would make improvements in those areas, but it was also expected that he would perform his job just like any other employee before the district made a decision as to whether it was going to continue his employment or whether it was going to issue him a contract moving forward. It's illogical, at least in my opinion, to say that the performance improvement plan or notice of expectations creates a property interest in this case that somebody's poor performance gives them or warrants additional protection from an employment perspective than somebody who receives the job description or the position description, knows what's expected of them at the outset, is evaluated on that performance, and the district makes a decision as an at-will employee whether it's going to invite you back or issue a contract moving forward. There are not any questions. I think at least from the district's perspective, the case law is pretty clear with respect to this, that there is no property interest in this particular case, and therefore, Mr. Barco was not afforded or entitled to any due process notice of adhering prior to the district's decision not to issue him a contract for the 2019-2020 school year, and with that, we would ask that the district court's decision be affirmed. Okay, very well. Mr. Redding makes one mistake when he paraphrases the notice of expectations as saying that if you don't perform our expectations, we won't issue you a new contract. That's not what they were saying. They were saying you're not going to get a new contract one way or the other, but if you don't perform our expectations, your employment will be terminated. Well, look, the last paragraph says failure to perform your duties will result in a decision to discontinue your employment. Correct. The last paragraph. Right, and implying that a performance of the expectations or proper performance of his duties would result in continuance of his employment, but they had already said earlier in the document, and I quote, this is from page one of my reply brief, it's quoted there at the bottom. The school district, the school board will decide whether or not you will continue your employment with the school district at the expiration of your current employment contract on June 30th, 2019. You will not receive a new employment contract from the school district, but rather will be advised of the school board decision regarding your continued employment in writing. He wasn't going to get a new contract one way or the other, but he was going to get a decision in writing about whether his employment would continue. The other point I thought that merited discussion in the briefs was the case law like Colburn that talks about a list of categories of evaluation, like in the case of an academic, it's teaching service and research. In the case of a building and ground supervisor, it might be telling him you'll be evaluated on lawn mowing and sweeping and fixing things. That is not going to create a property interest because it doesn't tell you how good of a lawnmower or sweeper you have to be and it doesn't tell you whether one category of performance can outweigh another or all of the others. But in this case, it was very clear that there was a list of expectations and all of them had to be performed for Mr. Barco to keep his job. Thank you. Mr. Renning, we'll take the case under advisement.